

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 20, 1974

The Honorable Betty J. Anderson
Executive Secretary
Texas State Board of Examiners in
  the Basic Sciences
1012 Sam Houston Bldg., 201 East
  14th St.
Austin, Texas 78701

Opinion No. H- 484

Re: Applicability of Open
Meetings Act to certain
meetings held by the Texas
Board of Examiners in the
Basic Sciences.

Dear Mrs. Anderson:

Your opinion request requires us to consider the applicability
of the Open Meetings Act, article 6252-17, V. T. C. S., to certain
portions of the meetings held by the Texas State Board of Examiners
in the Basic Sciences. Your questions can be stated as follows:

> (1) Must the Board hold open to the public
> the portion of a meeting during which it considers
> applications for certification and discusses the
> academic records of individual applicants and
> other pertinent information about them?

> (2) Must the Board hold open to the public
> the portion of a meeting during which examination
> questions are proposed, examined, discussed, and
> approved for usage by the Board in an examination
> session?

> (3) Must the Board hold open to the public
> the portion of a meeting during which examinations
> are graded and the results recorded?

(4) May the Board hold a closed meeting when
*it believes the information to be discussed concerns*
a situation which may result in litigation to which
the Board may be a party?

The Open Meetings Act was enacted in order to assure the public
an opportunity to be informed concerning the transaction of public business.
Its provisions are mandatory and are to be construed liberally in order
to effect its purposes. Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch.
Dist., 466 S.W.2d 377 (Tex. Civ. App. --San Antonio 1971, no writ).
By definition, it would embrace the Texas State Board of Examiners in
the Basic Sciences and would require its meetings to be open to the
public. "Meeting" is defined in section 1(a) of the Act as follows:

'Meeting' means any deliberation between
a quorum of members of a governmental body
at which any public business or public policy
over which the governmental body has super-
vision or control is discussed or considered,
or at which any formal action is taken. (Emphasis
added).

We do not think it was the intent of the Legislature to include
discussions of information deemed confidential by constitutional, or
other law, within the prohibition against privately discussing or
considering "public business or public policy." Imputing the converse
as the legislative intent would bring the constitutionality of the statute
into question. In order to give effect to those consitutional and statutory
provisions making certain information confidential, we think the Open
Meetings Act must be construed in harmony with them.

We now turn to your first question in which you ask whether the
Board must hold open to the public the portion of its meetings during
which it considers applications for certification and discusses the
academic records of the individual applicants and other pertinent
information submitted in connection with their application. Section 2

of the Open Meetings Act illustrates certain topics which governmental bodies are permitted to discuss in closed session, but deliberations about an applicant's qualifications for certification or for a license are not included in the list. We are aware of no statute or other source of law that generally makes confidential academic records or other information submitted to the Board in connection with an application for certification. If the Board determines, however, that, as a matter of fact, the information with which it is dealing is such as to give rise to a protectable private interest, the Open Meetings Act would not require the Board to hold open to the public the portion of a meeting during which it considers the information.

In your second question you ask whether the Board must hold open to the public the portion of a meeting during which examination questions are prepared, discussed, and approved for usage by the Board in an examination session. The Board is required to examine applicants in order to determine their knowledge, ability, and skill in the basic sciences and to conduct the examinations in an entirely fair and impartial manner. V. T. C. S. art. 4590c, sec. 6. Since an examination would be rendered unfair and ineffective if the questions to be asked were made known in advance, we determined in Attorney General Opinion H-483 (1974) that the statutory directive to conduct examinations necessarily carries with it the authority to maintain the confidentiality of the questions to be asked. See also Attorney General Opinion H-242 (1974).

Obviously, the Board's authority to maintain such confidentiality would be seriously undermined if the portion of its deliberations at which future examination questions were discussed and approved were open to the public. We cannot ascribe to the Legislature such an intent. It is our opinion, therefore, that discussions by the Board of matters made confidential by implication from the Board's powers may be discussed at a meeting not open to the public. But the fact that legally protected confidential information need not be discussed in public does not mean that the entire subject can be dealt with privately. Only the discussion of the confidential information is outside the Open Meetings Act; the topic itself, and the remainder of the Board's discussion or consideration of it, are within the Act and "public business."

In your third question you ask whether the Board must hold open to the public the portion of a meeting during which examinations are graded and the results recorded. Unless some other law makes them confidential, deliberations of this kind are not expressly excepted from the Act's coverage by any of the provisions of section 2. We are unaware of any statute or other source of law that makes examination results confidential. It is our opinion that, under the Open Meetings Act, the Board is required to hold open to the public that portion of a meeting during which it grades examinations and records the results unless the process would compromise the effectiveness of future examinations by revealing examination questions, some or all of which will be used again. See Attorney General Opinion H-483 (1974).

Finally, you ask whether the Board may hold a closed meeting when it believes the information to be discussed concerns a situation which may result in litigation to which the Board may be a party. Section 2(e) of the Open Meetings Act reads as follows:

> Private consultations between a governmental body and its attorney are not permitted except in those instances in which the body seeks the attorney's advice with respect to pending or contemplated litigation, settlement offers, and matters where the duty of a public body's counsel to his client, pursuant to the Code of Professional Responsibility of the State Bar of Texas, clearly conflicts with this Act.

Thus, by affirmative provision, the Act authorizes the Board to close to the public any portion of its meetings during which it consults with its attorney about certain matters, including contemplated litigation. But if its attorney is not present, the Board is not expressly permitted to conduct a closed session even though pending or prospective litigation might be the subject of discussion. Unless such a discussion additionally involves matters made confidential by law, the Act permits the discussion of litigation or its prospects at closed meetings only when the Board is consulting its attorney.

## SUMMARY

The Texas Open Meetings Law does not require the revelation of information made confidential by law. If the Board of Examiners in the Basic Sciences determines, as a matter of fact, that information in an applicant's file is private and protected from disclosure by constitutional, statutory, or court made law, the Board may close that portion of the meeting during which it discussess and considers the information. The Board of Examiners in the Basic Sciences also may close portions of meetings at which it discusses examination questions if to reveal such questions would compromise future examinations. However, unless legally confidential material would be thereby revealed, discussions undertaken about prospective litigation when its attorney is not present cannot be closed to the public by the Board.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee